# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ROBERT NEIL SAMPSON,

    Petitioner,

v.

WARDEN DAVID E. ORTIZ,

    Respondent.

Civ. No. 17-1298 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition will be dismissed without prejudice.

## II.    BACKGROUND

Mr. Sampson was arrested on September 20, 2012 in BWI Thurgood Marshall Airport in Maryland by Prince George's County police officers. There were two cases pending against Mr. Sampson in the Prince George's County circuit court, CR0E0049463 and 5E0049412. On February 19, 2013, Mr. Sampson appeared before the United States District Court for the District of Maryland on federal charges related to the Maryland state charges. He pled guilty to the federal charges and was sentenced to 300 months in the custody of the Bureau of Prisons.

One set of state charges, those proceeding under case CR0E0049463, were dismissed by the state. Mr. Sampson asserts that the other set of charges remains active and that he has not yet been tried on those charges. He filed this § 2241 petition challenging both the 300-month federal sentence and the untried state charges. He argues the federal judgment is a "constitutional nullity.

The federal district court was without authority to adjudicate the matter while criminal proceedings were underway in state court." He invokes his Sixth Amendment speedy trial rights and requests the Court order the Prince George's County circuit court to dismiss the untried state charges.

### III.    STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

### IV.    DISCUSSION

This Court lacks jurisdiction under § 2241 to adjudicate Mr. Sampson's challenge to his federal sentence. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013)

(citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). Section 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted).

Mr. Sampson does not argue that an intervening Supreme Court decision made his conduct non-criminal. *See In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997). He instead argues the federal court lacked jurisdiction over him *ab initio* due to the pending state charges, rendering his judgment of conviction invalid. This is not an argument within the *Dorsainvil* exception. The Court therefore lacks jurisdiction over this claim under § 2241.

To the extent Mr. Sampson challenges the pending Maryland state charges, the Court declines to exercise its pretrial habeas jurisdiction over that claim. District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445-46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443. Mr. Sampson indicates he raised his claims in the trial court but does not indicate whether he presented his claims to the Maryland Court of Special Appeals and Court of Appeals. *See Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992) ("A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court.").

Moreover, the Court finds that there are no extraordinary circumstances warranting federal intervention at this time. Federal habeas proceedings should not be used as a "'pre-trial motion forum for state prisoners,'" or to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). The Third Circuit reversed a district court's granting of pre-trial habeas relief on speedy trial grounds in *Moore*, stating that there was "nothing in the nature of the speedy trial right to qualify it as a per se 'extraordinary circumstance'" and that "federal courts should not permit the claimed denial of a speedy trial, presented in a pre-trial application for habeas, to result in the derailment of a pending state

4

proceeding." 515 F.2d at 446 (internal quotation marks omitted). "Once [petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Id.* at 449. As Petitioner has not shown extraordinary circumstances warranting federal intervention at this time, the petition will be dismissed without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[1]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failure to exhaust Maryland state court remedies is correct or, alternatively, that Mr. Sampson has not made a substantial showing of the denial of a constitutional right.

---

[1] The Court expresses no opinion as to the merits of any potential forthcoming petition or whether petitioner has otherwise met the requirements of 28 U.S.C. § 2254.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed without prejudice. An appropriate order will be entered.


DATED: October 17, 2017                              s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge